UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    **PLAINTIFF,**<br><br>V.<br><br><br>**REAL PROPERTY KNOWN AND NUMBERED AS 2467 LEGENDS WAY, CRESTVIEW HILLS, KENTON COUNTY, KENTUCKY, WITH ALL APPURTENANCES, IMPROVEMENTS, AND ATTACHMENTS THEREON, et al.,**<br>    **DEFENDANTS.** | CASE NO. 1:02-cv-367<br>(consolidated with 1:02-cv-359, 1:02-cv-388, 1:02-cv-431, and 1:02-cv-474)<br><br><br>JUDGE SPIEGEL |

## STIPULATION AND ORDER FOR INTERLOCUTORY SALE OF DEFENDANT REAL PROPERTY

WHEREAS, the United States of America ("United States"), by and through the undersigned United States Attorney, filed this civil forfeiture action with this Court on June 12, 2002, (Case No. 1:02-cv-431, Doc. 1) seeking the forfeiture of real property known and numbered as 9550 Shore Drive, Units 839a and 839b, Sands Ocean Club III, Myrtle Beach, SC, with all appurtenances, improvements, and attachments thereon ("defendant property"); and

WHEREAS, On June 13, 2002, the Court consolidated 1:02-cv-367 (lead case) with 1:02-cv-359, 1:02-cv-388, and 1:02-cv-431 (1:02-cv-359, Doc. 13; 1:02-cv-367, Doc. 7; 1:02-cv-388, Doc. 26).

WHEREAS, on August 15, 2002 and August 20, 2002, the United States served notice upon all persons and entities believed to have an interest in the defendant property in person or by certified mail (1:02-cv-431, Docs. 9 and 14; 1:02-cv-367, Doc. 34), and the United States

published notice of the action in the <u>Cincinnati Court Index</u>, a newspaper of general circulation in the Southern District of Ohio, on May 20, 2005, May 27, 2005 and June 3, 2005 (1:02-cv-367, Doc. 167); and

WHEREAS, Richard Erpenbeck (hereinafter, "claimant") filed a claim to the defendant property on August 30, 2002, (1:02-cv-431, Doc. 11; 1:02-cv-367, Doc. 27) and has not filed an answer to the complaint; and

WHEREAS, Wells Fargo Home Mortgage filed a claim to the defendant property and an answer to the complaint on December 4, 2002, (1:02-cv-431, Docs. 18 and 19; 1:02-cv-367, Docs. 106 and 107); and

WHEREAS, no other person or entity has filed a claim to the defendant property and the time to do so has expired; and

WHEREAS, the parties agree that the defendant property should be sold to preserve its value pending a final adjudication on the merits;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED that the United States, by and through its undersigned counsel, and the claimant, through his attorney of record Thomas Heekin, consent to the following:

1.  The record owner of the defendant property, which is further described as follows, is Richard Erpenbeck:

> Real property known and numbered as 9550 Shore Drive, Unit 839A and 839B, Sands Ocean Club III, Myrtle Beach, Horry County, South Carolina 29572, with all appurtenances, improvements, and attachments thereon.
>
> UNITS 839-A and 839-B of PHASE III, SANDS OCEAN CLUB, A Horizontal Property Regime established by Master Deed recorded March 13, 1984, in Deed Book 855 at Page 448, records of Horry County, South Carolina, and all Exhibits and Amendments thereto.

SUBJECT to all of the provisions of the aforesaid Master Deed and Exhibits and Amendments thereto.

2. In furtherance of the interlocutory sale, the claimant agrees to execute promptly any documents which may be required to complete the interlocutory sale of the defendant property.

3. The parties agree that the United States Marshals Service shall, as soon as can reasonably be accomplished, sell the defendant property by any commercially feasible means, making best efforts to obtain the maximum selling price for the defendant property.

4. The United States Marshals Service may, in its sole discretion, accept any offer to purchase the defendant property that it deems reasonable. The United States Marshals Service may, in its sole discretion, reject any offer to purchase the defendant property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

5. The purchase price of the defendant property will be a cash price.

6. The net proceeds from the sale of the defendant property will include all money realized from the sale of the defendant property, after payment of the following:

   a. Real estate commissions, if any;

   b. Amounts due to lienholder Wells Fargo Home Mortgage Company pursuant to a mortgage and promissory note evidenced by documents recorded in Horry County, South Carolina;

   c. Real estate property taxes which are due and owing;

   d. Insurance costs, if any;

   e. All costs incurred by the United States Marshals Service under this Agreement in connection with the maintenance, repair, marketing, and sale of the defendant

property;

f. Escrow fees;

g. Document recording fees not paid by the buyer;

h. Title fees; and

i. County transfer taxes.

7. The United States and claimant hereby agree to substitute the net proceeds realized from the sale of the defendant property as a "substitute *res*" for the defendant property in this lawsuit. The net proceeds shall be remitted to the custody and control of the United States Marshals Service as the substitute *res* in this case and held in the Seized Asset Deposit Fund pending further order of the Court.

8. Once the net proceeds amount for the defendant property is deposited into the Seized Asset Deposit Fund, no interest will be attributed to the substitute res.

9. The United States Marshals Service, promptly upon deposit, shall report to the Court, in a document that shall be docketed in this case, the net proceeds amount that has been deposited by the United States Marshals Service into the Seized Asset Deposit Fund.

10. Upon the report to the Court by the United States Marshals Service of the net proceeds amount, that net proceeds amount shall become "Substitute Defendant 1" in Case No. 1:02-cv-431 for the defendant property pursuant to 19 U.S.C. § 1613(c) in this lawsuit without further order of the Court.

11. The United States agrees that it will retain custody, control, and responsibility for the defendant property until the interlocutory sale has been completed.

12. Claimant Richard Erpenbeck agrees that he will retain insurance on the defendant property until the interlocutory sale has been completed.

13. This Agreement does not constitute an admission by the parties regarding whether the defendant property is forfeitable or not forfeitable, and the parties reserve the right to litigate that issue.

14. The claimant shall not make any claim or file any action against the United States or its agencies or any state or local agency involved, including any individual associated with those federal, state, or local agencies, arising from the sale of the defendant property, the deposit of the net proceeds from the sale of the defendant property, or the substitution of the net proceeds amount for the defendant.

_1-4-06_
Date

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

_Donetta DWiethe_
DONETTA D. WIETHE (0028212)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 Fax: (513) 684-6972
Donetta.Wiethe @usdoj.gov

11-3-05
Date

_____
Richard Erpenbeck
Claimant

11-3-05
Date

_____
Thomas Heekin, Jr. (#0040784)
Attorney for claimant, Richard Erpenbeck
Heekin & Heekin
817 Main Street, Suite 200
Cincinnati, Ohio 45202
(513) 345-5560   Fax (513) 345-5565

Have seen:

1-4-06
Date

_____
Cynthia M. Roselle (#0073761)
Attorney for claimant,
Wells Fargo Home Mortgage
Lerner Sampson & Rothfuss
120 East Fourth Street, 8th Floor
Cincinnati, Ohio 45202
(513) 419-4854   Fax (513) 412-6634

auth 1/4/06
by Dwethe
AUSA

It is so ordered:

_____
S. Arthur Spiegel
SENIOR UNITED STATES DISTRICT JUDGE

1/5/06
Date